UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CHARLES A. KANE | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| v. | ) | NO.: 3:02 CV 1878 (CFD) |
| | ) | <u>FELA HEARING LOSS CASES – MAY BE</u> |
| METRO-NORTH RAILROAD | ) | <u>FILED IN NEW HAVEN AS ORDERED BY</u> |
| COMPANY, et al. | ) | <u>MAGISTRATE JUDGE MARGOLIS</u> |
| | ) | |
| Defendants. | ) | |
| | ) | February 26, 2004 |

**DEFENDANTS, CONSOLIDATED RAIL CORPORATION AND AMERICAN
FINANCIAL GROUP, INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR
EXTENSION OF TIME WIHTIN WHICH TO FILE ANY OBJECTIONS AND
MOTION FOR RECONSIDERATION OF THE COURT'S RULINGS ON
<u>PLAINTIFFS' MOTION TO COMPEL</u>**

The defendants, Consolidated Rail Corporation ("Conrail") and American Financial

Group, Inc. ("American") hereby jointly oppose the *Plaintiffs' Motion for Extension of Time to*

*Within Which to File Any Objections and Motion for Reconsideration of the Court's Rulings on*

*Plaintiffs' Motion to Compel* dated February 5, 2004, wherein the plaintiffs request that the

Court reconsider its *Order* dated January 23, 2004, granting, in part, and denying in part, the

plaintiffs' *Motion to Compel,* relative to the plaintiffs' Request Nos. 5, 14, 25, 27, 28 and 29.

The plaintiffs also request a ten day extension (from the date of the Court's ruling on the

instant

1

Oral Argument Requested/
Testimony Not Required

motion) in order to file "any objections" to the Court's January 23, 2004 *Order.* As grounds for

their *Opposition* the defendants state that: (1) the Court's January 23, 2004 *Order* was entirely

appropriate and reasonable and should not be altered; and (2) the plaintiffs' request for

extension of time should be denied, as the close of fact discovery for the first two (2) batches of

hearing loss cases is quickly approaching, i.e. March 31, 2004, such late supplementation

would prejudice the defendants' ability to complete discovery within the prescribed time

period.

I.    **ARGUMENT:**

      A.    **THE PLAINTIFFS' MOTION FOR RECONSIDERATION SHOULD BE
DENIED BECAUSE THE COURT'S RULING CONCERNING THE
PLAINTIFFS' REQUEST NOS. 5, 14, 25, 27, 29 AND 28 WAS CLEAR,
APPROPRIATE AND REASONABLE, AND THE DEFENDANTS HAVE
RELIED UPON THE RULING IN PREPARING ITS SUPPLEMENTAL
RESPONSES:**

The plaintiffs urge the Court to reconsider its ruling concerning the plaintiffs' Request

Nos. 5, 14, 25, 27, 28 and 29 and accordingly modify its original *Order* that the defendants

produce responsive supplemental documents limited to the sites and/or facilities at which the

various plaintiffs worked during the course of their career with Penn Central and/or Conrail.

The plaintiffs once again attempt to modify their initial *Requests for Production of Documents*

by substituting yet another version of these Requests which they wish the defendants to

respond.  This cannot be allowed since the result would be an extreme and unnecessary further

expenditure of time and expense by the defendants Conrail and American Financial that in no way is justified by any potential benefit to the plaintiffs, who appear to be on a fishing expedition.

First, the defendants have nearly completed their compilation of responsive supplemental documents in reliance upon the Court's *Order*, and to amend the *Order* further, as the plaintiffs' request, at this late date (the fact discovery deadline for the instant cases is March 31, 2004) would be unfair and unreasonable.[1]  Second, the defendants have undertaken an extensive and thorough search of *any potentially responsive* supplemental documents, which of course date back to as early as 1969 in some of the plaintiffs' cases, in reliance upon the Court's *Order*, which is nearly complete.  Moreover, the Court If did what the plaintiffs failed to do in the first instance, that is to clarify the plaintiffs' initial Requests so that the defendants could more fully respond, which are the in the process of doing.

Third, the plaintiffs suggest that the Court's terminology, namely "sites" and "facilities" is unclear, and the defendants disagree.  Certainly, the defendants are not limiting their supplemental responses to include only the indoor shop that a particular plaintiff may have only entered to punch in for a day's work, but are instead compiling documents, to the best of their

---

[1] The Court ordered that the defendants produce supplemental response documents no later than February 17, 2004.  However, in an abundance of caution, and in the spirit of cooperation, the defendants have undertaken an extremely thorough and extensive search for any documents which may be deemed responsive.  This was explained to plaintiffs' counsel who graciously agreed to an extension of time to produce said documents to and including March 5, 2004 (at the latest).

ability considering the time periods involved, which relate to each of the plaintiff's job locations and the noises related to these locations.

Fourth, the plaintiffs fail to mention that each and every plaintiff with a pending hearing loss case has filed identical sets of *Second Request for Production of Documents Directed to Conrail,* a copy of which is attached hereto, requesting the specific information which they attempt to request in the instant *Motion*, such as testing concerning specific equipment, train horns and whistles, and specific locations.[2] Therefore, the plaintiffs' instant requests are superfluous and unnecessary.

Finally, and perhaps most importantly, the plaintiffs' suggested amendments to the Court's *Order* are even broader than their original Requests.  For instance, the plaintiffs themselves admit that the information they request concerns "equipment/machinery used at hundreds of <u>random</u> locations," (emphasis supplied), and they once again fail to provide any specific information concerning an individual plaintiff, and they expect the defendants to do their work for them.  In fact, many of the plaintiffs have been unable to recall the machinery they worked with or the various locations that they worked at, and they have also, in many cases, testified that they felt that certain pieced of equipment were not noisy.  Yet, they now expect the defendants to produce voluminous, irrelevant and potentially non-existent documents concerning the same.  This is unreasonable.  Moreover, the plaintiffs additionally

---

[2] By agreement of the parties, Conrail's responses to these requests are not yet due.  Moreover, the plaintiffs agreed to withdraw Request Nos. 3, 4, 15, 16, 17, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 38, 39, 46, 47, 48

request that the supplemental documents responsive to Request No. 27 should not be limited to

pre-1984, and instead state, without providing any support, that post-1984 are highly relevant.

This is false; any post-1984 documents are irrelevant, and the Court's *Order* is perfectly

reasonable.  None of the plaintiffs worked for Penn Central beyond 1976, and none of the

plaintiffs worked for Conrail beyond January, 1984. To suggest in the instant *Motion* that post-

1984 documents are relevant and should be produced, in the absence of anything more than the

plaintiffs' desire for the same, should not even need to be addressed.

In sum, the Court's Order is perfectly reasonable and facilitates a more complete

response from the defendants, which the plaintiffs' initial Requests did not allow.  To grant the

plaintiffs' *Motion for Reconsideration,* especially considering the above, would serve only to

confuse and delay the exchange of discovery further.   Accordingly, the plaintiffs' *Motion for

Reconsideration* must be denied.

**B.     THE PLAINTIFFS' MOTION FOR EXTENSION OF TIME TO FILE
     OBECTIONS TO THE COURT'S RULING SHOULD BE DENIED:**

The plaintiffs' *Motion for Extension of Time to File Objections,* wherein they request

ten (10) days from the date of the Court's ruling concerning the instant *Motion for

Reconsideration* to file "<u>any objections</u> to the Court's January 23rd Ruling," is without merit,

would unfairly prejudice the defendants, and must be denied.  The plaintiffs are simply

attempting to circumvent the applicable Rules by failing to timely object to the Court's *Order*

---

and 49.

and instead filing the instant *Motion*.  The plaintiffs unreasonably ask for additional time

(based on the instant motion for reconsideration) to object to <u>any</u> of the additional requests

ruled upon.  The plaintiffs do not even bother to provide any reason why they require the

additional time. Allowing such late objections, which the defendants will be afforded the

opportunity to respond to, will greatly interfere with the discovery deadlines in the first two

batches of cases, and is simply not warranted.  Accordingly, the defendants request that the

plaintiffs' *Motion for Extension of Time* be denied.

Further, in the event the instant *Motion for Extension* is granted, the defendants

accordingly request an extension of sixty (60) days of the discovery deadlines applicable to the

first two (2) batches of cases. However, the defendants will properly consult with plaintiffs'

counsel in this regard and file the appropriate motions if necessary.

## III.    <u>CONCLUSION</u>:

For the reasons stated more fully above, the defendants respectfully request that the

*Plaintiffs' Motion for Reconsideration and Motion for Extension of Time to Object* should be

<u>DENIED</u>.

6

Respectfully submitted,
CONSOLIDATED RAIL CORPORATION,
By its Attorneys,

_____

Michael B. Flynn,#ct21215
Lori A. McCarthy #ct19557
FLYNN & ASSOCIATES, P.C.
189 State Street, Sixth Floor
Boston, MA 02109
(617)722-8253
(617)722-8254 (facsimile)

## CERTIFICATION

This is to hereby certify that a copy of the foregoing has been mailed, postage prepaid, via overnight delivery, this 26th day of February, 2004, to the following:

Scott E. Perry, Esq.
Cahill & Goetsch, P.C.
43 Trumbull Street
New Haven, CT 06511

Anthony D. Sutton, Esq.
Ryan, Ryan, Johnson & Deluca, LLP
80 Fourth Street
P.O. Box 3057
Stamford, CT 06905

_____
Lori A. McCarthy